UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  Case Nos.:  3:97cr111/LAC/CJK
                       3:18cv1489/LAC/CJK

CHARLES JUSTE
_____/

REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 412). Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Here, the court does not have jurisdiction to entertain Defendant's motion; it should be summarily dismissed.

**BACKGROUND and ANALYSIS**

In May of 1998, Defendant was sentenced to a term of 295 months' imprisonment after a jury convicted him of conspiracy to possess with intent to distribute cocaine and using and carrying a firearm during and in relation to a drug

trafficking crime. (ECF No. 135). He successfully moved for relief pursuant to 28 U.S.C. § 2255 and was permitted to take a belated appeal. (ECF Nos. 202, 214, 217). His first appeal was dismissed as untimely (ECF No. 255), and the district court subsequently vacated and reimposed Defendant's sentence, following which Defendant filed a timely notice of appeal. (ECF Nos. 260, 262). The Eleventh Circuit affirmed on May 13, 2002. (ECF No. 278).

Defendant filed another motion to vacate in October of 2003. (ECF No. 282). The court denied the motion on its merits on January 25, 2005, and the Eleventh Circuit dismissed his appeal. (ECF Nos. 318, 322, 338). On October 31, 2016, the district court reduced Defendant's sentence, pursuant to 18 U.S.C. § 3553(a), to a total term of 260 months. (ECF No. 410). Defendant is currently detained at the Farmville Detention Center after his release from the Bureau of Prisons on November 28, 2016.

Defendant filed the instant motion to vacate pursuant to the prison mailbox rule on June 18, 2018. In the motion, he asserts that counsel was constitutionally ineffective pursuant to *Lee v. United States*, 137 S. Ct. 1958 (2017), because counsel failed to advise him that he "would face deportation as a result of the criminal proceedings." (ECF No. 412 at 4). Defendant states that counsel had "a duty to

advise Petitioner of consequence of being found guilty of aggravated felony under the Immigration and Nationality Act." (*Id*.) Defendant claims that the motion is timely because he filed it within one year of the Supreme Court's June 23, 2017, decision in *Lee*. In *Lee*, the Supreme Court held that plea-counsel's erroneous advice as to the deportation consequences of defendant Lee's guilty plea prejudiced him and amounted to ineffective assistance of counsel where Lee demonstrated a reasonable probability that he would not have pleaded guilty had he known that a guilty plea would lead to mandatory deportation. *See also Padilla v. Kentucky*, 559 U.S. 356 (2010) (holding that counsel performed deficiently when he failed to advise defendant that a guilty plea would subject him to automatic deportation).

This court does not have jurisdiction to entertain Defendant's motion. Before a second or successive application for § 2255 relief is filed in the district court, the litigant must typically move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); *Felker v. Turpin,* 518 U.S. 651 (1996); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); *Carter v. United States,* 405 Fed. App'x 409 (11th Cir. 2010). Defendant's successive motion falls within the larger subset of cases for which such authorization is required, as he is challenging the same judgment he

challenged in his initial motion. This authorization is required even when a defendant asserts that his motion is based on the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h)(2). Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion, and therefore, the instant motion to vacate must be dismissed without prejudice.[1]

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Court ("§ 2255 Rules") provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice

---

[1] Obvious to anyone (or almost anyone), and unlike *Lee*, in this case, Defendant's conviction was the result of a jury trial. Therefore, Defendant cannot show that counsel's alleged failure to advise him about the immigration consequences of the criminal proceedings had any effect on the outcome of his case. In light of his concern about deportation, it would be nonsensical to argue, for instance, that had he known that he faced certain deportation upon conviction, he would have entered a guilty plea. Furthermore, as of the writing of the PSR, Defendant continued to deny his involvement in the offense conduct. (ECF No. 413, PSR ¶ 51). Absent an admission of guilt, it is unlikely that he could have entered a guilty plea. The only relief Defendant requests is permission "to file a full brief in order to fully present his case in fatal detail with fairness of justice" (ECF No. 412 at 13). Additional fatality is not necessary.

Case Nos: 3:97cr111/LAC/CJK; 3:18cv1489/LAC/CJK

of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (ECF No. 412), be **SUMMARILY DISMISSED**, as this court lacks jurisdiction to consider a successive motion absent authorization from the Eleventh Circuit.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 27th day of June, 2018.

Case Nos: 3:97cr111/LAC/CJK; 3:18cv1489/LAC/CJK

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case Nos: 3:97cr111/LAC/CJK; 3:18cv1489/LAC/CJK